# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RL & DG INVESTMENTS - CHELSEA,

    Plaintiff/Counter-Defendant,

v.

ROGER AND MARCIA OTTOMAN,

    Defendants/Counter-Plaintiffs,

v.

DAVID GLASS, RANDAL LESSON, METRO FINANCE, INC., FIRST TENNESSEE NATIONAL ASSOCIATION, PEOPLE'S CHOICE HOME LOAN, INC., BANK ONE NATIONAL ASSOCIATION, and CORNERSTONE TITLE COMPANY, INC.,

    Defendants.
_____/

Case No. 08-10087

HONORABLE DENISE PAGE HOOD

### ORDER DENYING DEFENDANTS/COUNTER PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.     BACKGROUND**

On January 7, 2008, this actions was removed by Defendants Roger and Marcia Ottoman from the 14A-3 District Court, located in Washtenaw County, State of Michigan. The Notice of Removal cover sheet indicates that the removal was based upon diversity of citizenship. However, the Notice of Removal attached to the cover sheet indicates the removal was based on this Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) and (c). The Notice of Removal

indicates that Plaintiff RL & DG Investments filed a Complaint in the 14A-3 District Court on November 13, 2007 seeking to evict Defendants based on a Landlord-Tenant/Land Contract. Defendants were served with the Complaint on November 15, 2007. A hearing was scheduled on the matter before the 14A-3 District Court for November 30, 2007.

On November 30, 2007, the matter was dismissed without prejudice at Defendants' request because Plaintiff did not appear at the hearing. The 14A-3 District Court docket submitted by Defendants with their removal papers indicate that a letter was sent by Plaintiff's counsel to the 14A-3 District Court on December 5, 2007. The letter is not included in Defendants' submission to this Court. The docket indicates that on December 6, 2007, the case was reinstated and the matter was scheduled for a hearing on December 26, 2007. The docket further indicates that the hearing was held on December 26, 2007 and a Pre Trial Conference was set for January 9, 2008. On December 26, 2007, Defendants submitted their Answer with the 14A-3 District Court. As indicated above, the matter was removed on January 7, 2008.

On February 15, 2008 at 8:48 p.m., Defendants/Counter-Plaintiffs filed the instant Motion for Temporary Restraining Order, Show Cause Order and Preliminary Injunction. The motion indicates that counsel for Defendants attempted to give all parties oral notice of the motion but was unsuccessful.

**II.     ANALYSIS**

Rule 65(b) of the Rules of Civil Procedures provides:

> **(b) Temporary Restraining Order.**
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or verified

> complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). A TRO expires in ten days unless the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. Fed. R. Civ. P. 65(b)(2). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08.

Regarding the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12.

In this case, it appears that Defendants' harm would be irreparable because an eviction may not be fully compensable by money damages. However, this Court lacks subject matter jurisdiction over the removed Complaint, therefore, the Court has no jurisdiction to issue a temporary restraining order.

The district court generally has original jurisdiction in three situations: (1) when the case

involves a federal question, 28 U.S.C. § 1331; (2) when there is diversity of citizenship between the parties and any amount in controversy is over $75,000, 28 U.S.C. § 1332; and (3) when the United States is a party , 28 U.S.C. §§ 1345, 1346. 28 U.S.C. § 1441(a) provides for removal of actions filed in state court to a district court if the district court has original jurisdiction over the cause of action. If the existence of subject matter jurisdiction generally is at issue, it is a question of law for the court to decide. *Greater Detroit Resource Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). When jurisdiction is disputed, the removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). This burden is a difficult one to overcome; removal statutes are "strictly construed," and any ambiguities "must be resolved in favor of the non-removing party." *Id.* "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss or remand the action, either by a party's motion or the court's own motion." Fed. R. Civ. P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

The inquiry into whether a party may remove to state court is "guided by the well-pleaded complaint rule, which states that 'federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint.'" *Strong v. Telectronics Pacing Sys., Inc.* 78 F.3d 256, 259 (6th Cir. 1996), citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 334 (6th Cir.1989) ("[R]emoval can only be based on a theory advanced by the plaintiff.") The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar,* 482 U.S. at 392; *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (stating to secure federal subject matter jurisdiction, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."). A federal defense does not create federal question jurisdiction. *Kerr-McGee Chemical Corp. v. Illinois,* 459 U.S. 1049 (1982). "'[T]he question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party.'" *State of Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460 (1894)(citations omitted). "A defendant cannot create removal jurisdiction merely by raising a federal question as a defense." *Her Majesty the Queen,* 874 F.2d at 344; *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

In this case, the Complaint in this case was for Non-Payment of Rent, a Landlord-Tenant issue. The Complaint indicates that the total rent due at the time the Complaint was filed was $13,820.40. Defendants/Counter-Plaintiffs admit in their brief in support of their motion that Plaintiff purchased the subject property and provided a lease/option to the Ottomans. (Brief In Support of Motion, p. 2) There is no federal question claim set forth in the Complaint since the claim only involves a failure to pay rent on a leased property. There is also no federal diversity claim set forth in the Complaint since the Plaintiff is a State of Michigan limited liability corporation, doing business in Michigan. (Counter Complaint, ¶ 2) Although Defendants' Counter Complaint alleges various federal question claims, as noted by the case law cited above, a defendant cannot create removal jurisdiction by raising a federal question as a defense. This Court appears to have no removal subject matter jurisdiction over the Complaint filed by Plaintiff and removed by Defendants, therefore, it has no jurisdiction to issue a temporary restraining order.

5

It is noted that Defendants/Counter-Plaintiffs do not indicate when the 14A-3 District Court issued its final order for eviction and no copy of the Order was submitted by Defendants/Counter-Plaintiffs. Defendants/Counter-Plaintiffs had the opportunity to appeal such an Order but it appears no such appeal was filed. Defendants/Counter-Plaintiffs have not shown that the 14A-3 District Court cannot proceed with the eviction order even though the action was removed to federal court. It is further noted that Defendants/Counter-Plaintiffs may file a federal action, separate from this removal action, if Defendants/Counter-Plaintiffs believe they have federal claims against the various parties noted in the Counter-Complaint. However, at this juncture, it appears to this Court that it does not have removal subject matter jurisdiction over the removed Complaint.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants/Counter-Plaintiffs' Motion for Temporary Restraining Order, Show Cause Order and Preliminary Injunction **(Docket No. 5, filed February 15, 2008)** is DENIED.

IT IS FURTHER ORDERED that Defendants/Counter-Plaintiffs Show Cause *in writing* by **Friday, February 29, 2008,** why this case should not be dismissed for lack of removal subject matter jurisdiction.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: February 19, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 19, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

6